IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Courts
Southern District of Texas
FILED
May 15, 2020
David J. Bradley, Clerk of Court

No. 19-20082
Summary Calendar

United States Court of Appeals
Fifth Circuit
FILED
March 31, 2020
Lyle W. Cayce
Clerk

ALI YAZDCHI,

                Plaintiff-Appellant

v.

WELLS FARGO BANK, N.A.,

                Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-568

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Ali Yazdchi, former Texas prisoner # 1940831, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's partial grant of summary judgment and jury verdict in favor of Wells Fargo Bank, N.A. Yazdchi argues that the district court's grant of partial summary judgment in favor of Wells Fargo based on the preclusive effect of a prior case between Yazdchi and JP Morgan Chase Bank, N.A. was incorrect.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20082

By moving to proceed IFP on appeal, Yazdchi challenges the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The district court concluded that Yazdchi was collaterally estopped from asserting that the December 3, 2010 power of attorney was fraudulent in light of the prior grant of summary judgment to Chase. Citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982), the district court noted that it need not address Yazdchi's argument that the Chase judgment was void because the court in that case had lacked jurisdiction, as that argument had been considered and rejected by the district court, this court, and the United States Supreme Court during the Chase litigation. Yazdchi now contends that the district court's reliance on *Insurance Corp. of Ireland* was misplaced, as the case dealt with res judicata not, as here, with collateral estoppel.

Yazdchi is correct that there is no identity of parties in this case and that *Insurance Corp. of Ireland* specifically refers to res judicata rather than collateral estoppel. *See* 456 U.S. at 702 n.9 ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."). However, nothing in *Insurance Corp. of Ireland* limits this statement to cases with identity of the parties; rather, the full quotation emphasizes the importance that the party in question has had the opportunity to litigate the jurisdictional issue. *See id*. Here, Yazdchi had the opportunity to litigate the jurisdictional issue regarding the judgment against Chase, doing so at length and unsuccessfully.

As he has not shown he can raise a nonfrivolous issue regarding the denial of his motion, Yazdchi's motion for leave to proceed IFP is DENIED and

2

No. 19-20082

his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.